# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-2007V

| | |
|---|---|
| JENNIFER B. BOLOGNESI,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: November 14, 2024 |

*Kelly Elizabeth Elder*, Martin & Jones, PLLC, Raleigh, NC, for Petitioner.

*Camille Jordan Webster*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On November 17, 2023, Jennifer B. Bolognesi filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table shoulder injury related to vaccine administration ("SIRVA") resulting from a tetanus, diphtheria, acellular pertussis ("Tdap") vaccine received on May 17, 2022. Petition at 1. Petitioner further alleges that she received the Tdap vaccine in the United States, her injuries persisted for more than six months, and neither Petitioner, nor any other party, has ever filed any action or received compensation in the form of an award or settlement for her vaccine-related injury. Petition at ¶¶ 2, 13-15. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 26, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On November 14, 2024, Respondent filed a proffer on award

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

of compensation ("Proffer") indicating Petitioner should be awarded $86,655.68. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $86,655.68 (comprised of $85,000.00 in pain and suffering and $1,655.68 in past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JENNIFER BOLOGNESI,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | No. 23-2007V<br><br>Chief Special Master Brian H. Corcoran<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On November 17, 2023, Jennifer Bolognesi ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, as amended (the "Vaccine Act"), 42 U.S.C. §§ 300aa-1 to -34. Petitioner alleges that she received a tetanus, diphtheria, and pertussis ("TDaP") vaccination on May 17, 2022, and thereafter suffered from a left shoulder injury related to vaccine administration ("SIRVA"). Petition at 1.

On July 25, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury. ECF No. 20. On July 26, 2024, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 21.

**I.  Items of Compensation**

    A.  Pain and Suffering

Respondent proffers that petitioner should be awarded $85,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.   Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,655.68.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.   Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]:  a lump sum payment of **$86,655.68**, in the form of a check payable to petitioner.

## III.   Summary of Recommended Payment Following Judgment

Lump sum payable to petitioner, Jennifer Bolognesi:        **$86,655.68**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

2

                        ZOË R. WADE
                        Trial Attorney
                        Torts Branch, Civil Division

                        /s/CAMILLE J. WEBSTER
                        CAMILLE J. WEBSTER
                        Trial Attorney
                        Torts Branch, Civil Division
                        U.S. Department of Justice
                        P.O. Box 146
                        Ben Franklin Station Washington, D.C. 20044-0146
                        Direct dial: (202) 307-3241
                        Email: Camille.Webster@usdoj.gov

Dated:  November 14, 2024